**MEMORANDUM ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

HINDY TAUB,                        x
individually and on behalf of       :
all others similarly situated,        :    No. 08 Civ. 5053 (SHS) (GWG)
                                       :
                    Plaintiff,       :    **PROPOSED SCHEDULING ORDER**
                                       :
    - against -                           :
                                       :
DEPARTMENT STORES NATIONAL BANK,   :
                                       :
                  Defendant.      x

---

Plaintiff Hindy Taub ("Taub") and defendant Department Stores National Bank ("DSNB") respectfully submit this Proposed Scheduling Order pursuant to the Court's Order dated July 25, 2008:

    1.    The Case Management Conference is scheduled for August 5, 2008 at 10:45 a.m.

| Plaintiff's Counsel | Defendant's Counsel |
|---|---|
| Brian L. Bromberg, Esq.<br>Bromberg Law Office, P.C.<br>40 Exchange Place, Suite 2010<br>New York, NY 10005<br>Tel: 212-248-7906<br>Fax: 212-248-7908<br><br>Harley J. Schnall, Esq.<br>Law Office of Harley J. Schnall<br>711 West End Avenue<br>New York, NY 10025<br>Tel: 212-678-6546<br>Fax: 212-678-0322<br><br>Attorneys for Plaintiff<br>HINDY TAUB | Lisa M. Simonetti, Esq.<br>Keith A. Custis, Esq. (<u>will be appearing telephonically</u>)<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East<br>Los Angeles, California 90067<br>Tel: 310-556-5800<br>Fax: 310-556-5959<br><br><br><br><br><br><br><br>Attorneys for Defendant<br>DEPARTMENT STORES NATIONAL BANK |

    2.    **Concise Statement of Issues**: Taub asserts claims for violation of the Truth in

LA 51074127v1

Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and Regulation Z, 12 C.F.R. § 226.1, et seq. ("Regulation Z"). Taub alleges that DSNB failed to make certain disclosures in the initial disclosure statement and monthly periodic billing statements provided to her in connection with a credit card account. Taub brings her claims for herself and for a putative class.

DSNB denies Taub's claims on the merits. DSNB further denies that the claims are suitable for treatment on a class-action basis.

3. **Settlement Considerations/Similar Pending Actions**:

A. **Defendant's Position**: Two similar actions are pending against DSNB in this Court, the Honorable Laura Taylor Swain presiding (No. 08 Civ. 1596 and No. 08 Civ. 4843). In those actions, Valerie Rubinstein ("Rubinstein"), like Taub here, alleges violations of TILA and Regulation Z with respect to periodic billing statements on credit card accounts. Messrs. Bromberg and Schnall, counsel for Taub, also are counsel for Rubinstein. Pursuant to the Scheduling Order entered by Judge Swain on June 27, 2008, the parties are directed to proceed to settlement discussions before the Honorable Douglas F. Eaton, Magistrate Judge. At this time, the parties are engaged in setting a conference before Judge Eaton in early October 2008. DSNB would like to include Taub's claims in those discussions, and to defer any litigation efforts in the meantime, as reflected in Paragraph 5, below.

B. **Plaintiff's Position**:

Plaintiff disagrees for a number of reasons. First, scheduling considerations militate against combining settlement discussions in Taub with those in Rubinstein. Judge Eaton provided the parties in the Rubinstein actions with a choice of three dates in the first full week of October for a settlement conference; in doing so, he required the parties to be physically present at the conference with their respective counsel. As DSNB's Counsel has already been notified, the plaintiff in Rubinstein will be available to appear only on the morning of October 7. Counsel has not determined if the plaintiff in Taub can also be available to appear in person at that time, too. Second, the different facts and circumstances surrounding the Taub action also recommend separate treatment. The Taub action involves a class of consumers using the Macy's card,

whereas Rubinstein involves classes using Bloomingdales card products. The Macy's card the Taub class received is a different product, a private label card intended for use at Macy's stores. Upon information and belief, a Macys store card is not even accepted for purchases at Bloomingdales locations. Moreover, the Taub class alleges TILA and Regulation Z violations that differ from those alleged in the Rubinstein actions. These different violations include not only different inadequate disclosures on the periodic statement, but also an inadequate initial disclosure statement. The initial disclosure statement's compliance with TILA is not even a factor in the Rubinstein actions. Plaintiff in Taub asserts that the Taub class is also entitled to a potential recovery of up to $500,000 in statutory damages.

4. **Amendment and Joinder**. The parties do not currently believe that the pleadings need to be amended, nor do they believe that any additional parties need be joined at this time.

5. **Proposed Schedule**:

    a. The parties shall make their Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(f) no later than December 10, 2008.

    b. All non-expert discovery shall be commenced in time to be completed by May 13, 2009.

    c. At this time, the parties expect that plaintiff Taub and certain employees of DSNB who, as yet, have not been identified will be deposed. All depositions of non-expert witnesses will be conducted prior to or on May 13, 2009.

    d. Disclosures of the identities and reports of experts, if any, as required by Rule 26(a)(2)(A) and (B) will be made by May 27, 2009.

    e. The disclosure of identities and reports of any expert intended by an opposing party solely to rebut previously disclosed expert evidence shall be made by June 30, 2009.

    f. Depositions of experts shall be completed by July 29, 2009.

    g. No discovery shall take place after July 29 2009.

      h.      The parties shall inform each other by letter by August 12, 2009 whether either intends to file a dispositive motion.

      i.      Any dispositive pretrial motions shall be served by August 26, 2009.

      j.      If no party states its intention to file a dispositive pre-trial motion, plaintiff(s) will supply pretrial order materials to defendant(s) in accordance with the requirements of the rules of the assigned District Judge on or before August 26, 2009. The pre-trial order shall be filed within 15 days thereafter. If, however, a dispositive motion is served on or before the date in the previous paragraph, the due date of the plaintiff's portion of the pretrial-order materials shall be extended to 30 days following decision on the dispositive motion and the pretrial order shall be filed within 15 days thereafter.

6.    **Changes to Limitations on Discovery**: The parties do not anticipate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules are necessary.

7.    **Statement re Disputed Discovery Issues**: The parties anticipate that there may be disputes regarding the appropriate scope of discovery prior to certification of a class.

8.    **Anticipated Fields of Expert Testimony**: DSNB's practices with respect to the preparation of the disputed billing statements and the standard in the industry with respect to such practices.

9.    **Anticipated Length of Trial**: Taub requests a trial by jury, and anticipates that the trial will last seven business days. DSNB would elect to proceed with trial to the Court, and anticipates that trial will last seven business days.

10    **Consolidation**

      A.      **Defendant's Position**. DSNB submits that consolidation of the instant action with two other actions pending before the Court -- Rubinstein v. Department Stores National Bank, Case No. 1:08-cv-01596-LTS, filed on February 15, 2008 ("Rubinstein 1"); and

Rubinstein v. Department Stores National Bank, Case No. 1:08-cv-004843-LTS (Rubinstein 2), filed on May 23, 2008 ("Rubinstein 2") -- is appropriate. The three actions involve allegations with respect to the form of account statements provided by DSNB, and claims arising under TILA and Regulation Z. Also, as in this action, Rubinstein 1 and Rubinstein 2 are in early stages of development. DSNB's responded in Rubinstein 1 on May 1, 2008, and responded in Rubinstein 2 and Taub on July 23, 2008.

        B.      **Plaintiff's Position**. Plaintiff disagrees. The Taub action should not be consolidated with the Rubinstein actions, because, as discussed above, it involves separate card products (Macy's vs. Bloomingdales) and different violations of TILA, and thus, separate classes. Rubinstein asserts that each class is entitled to a potential statutory class action recovery up to $500,000. Moreover, Taub also involves a separate class under yet another card product for use at a different department store chain than in Rubinstein, as well as another, different violation of Regulation Z. Plaintiff in Taub asserts that the Taub class is entitled to a potential recovery of up to $500,000 in statutory damages irrespective of what the Rubenstein classes might recover.

        11.      All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

LA 51074127v1

-6-

                                      Respectfully Submitted,

Dated: August __, 2008                 STROOCK & STROOCK & LAVAN LLP

                                      By: */s/ Lisa M. Simonetti*
                                            Lisa M. Simonetti

                                            Attorneys for Defendant
                                            DEPARTMENT STORES NATIONAL
                                            BANK


Dated: August __, 2008                 BROMBERG LAW OFFICE, P.C.

                                      By: */s/ Brian L. Bromberg*
                                            Brian L. Bromberg

                                            Attorneys for Plaintiff
                                            HINDY TAUB


SO ORDERED: DATE: 8/5/2008

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE